**Michael Freedland, Esq.**
Florida Bar # 128988
Freedland Harwin Valori Ryan, PLLC
110 SE Sixth Street, suite 2300
Fort Lauderdale, Florida 33301
Telephone 954-467-6400
Michael@fhvlegal.com

**Keith Altman, Esq.**
(*pro hac vice* to be applied for)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
516-456-5885
kaltman@lawampmmt.com

Attorneys for Plainitff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| Yilun Chen,<br><br>     PLAINTIFF.<br><br>V.<br><br>**FLORIDA INTERNATIONAL UNIVERSITY BOARD OF TRUSTEES,**<br><br>In its official capacity,<br><br>**PEGGY NOLAN, WILLIAM MAGUIRE, ALEXANDRA DEL CANTO**<br><br>In their individual capacities.<br>     **DEFENDANTS.** | **COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF TITLE VI OF THE**

**CIVIL RIGHTS ACT OF 1964, TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972, FALSE IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT**

NOW COMES Plaintiff, **YILUN CHEN**, by and through his attorneys, Freedland Harwin Valori Ryan, PLLC, and The Law Office for Keith Altman, for his Complaint against Defendants, hereby states the following:

## BACKGROUND

1. This is an action seeking damages for Defendant's violations of Plaintiff's civil rights under Title VI of The Civil Rights Act Of 1964 and Title IX of The Education Act Amendments Of 1972. Plaintiff also asserts state common law claims for False Imprisonment, Intentional Infliction of Emotional Distress and Breach of Contract.

## PARTIES

2. Plaintiff Yilun Chen is a former student of the Florida International University. Yilun Chen was born in Taiwan, but has attained United States citizenship and resides in Florida. Yilun Chen was diagnosed with Depressive Disorder in October of 2019.

3. Defendant Florida International University Board of Trustees is now and at all material times has been the governing body of Florida International University. Florida International University (FIU) is a state and federally funded University located in Miami, Florida. As a federally funded entity, FIU is subject to

Title VI of The Civil Rights Act Of 1964 and Title IX of The Education Act Amendments Of 1972.

4. Defendant Peggy Nolan is now and at all material times has been an Audio-Visual Specialist and art instructor at Florida International University. At all times material to this action, Defendant Peggy Nolan was employed by FIU.

5. Defendant William Maguire is now and at all material times has been a fine arts professor at FIU. At all times material to this action, Defendant William Maguire was employed by FIU and was a supervisor to Defendant Nolan.

6. Defendant Alexandra Del-Canto was at all material times, an undergraduate student enrolled at FIU. Defendant Del-Canto was at all material times a classmate of Plaintiff.

## JURISDICTION & VENUE

7. This action arises under the laws of the United States, and therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question).

8. This action arises under the following federal statutes: Title IX of The Education Act Amendments Of 1972. Pub.L. No. 92-318, 86 Stat. 373 (1972), 20 U.S.C. §§ 1681 et seq., which prohibits discrimination based on sex in educational institutions receiving federal funding. Title VI of The Civil Rights Act Of 1964. Pub.L. No. 88-352, 78 Stat. 252 (1964), 20 U.S.C. §§ 2000d et seq., which prohibits

discrimination based on national origin in any program or activity receiving federal funding.

9. In accordance with 28 U.S.C. § 1367, this Court also has supplemental over Plaintiff's state law claims for false imprisonment, intentional infliction of emotional distress, and breach of contract, because these claims are related to the federal question claims listed above and the state law claims are part of the same controversy as the federal claims.

10. This action is properly venued in the Miami Division of the Southern District of Florida because all defendants work at the Miami campus of FIU, and all violations alleged by Plaintiff transpired on the Miami campus of FIU.

## Factual Allegations

11. During the Summer 2018 semester, Plaintiff was enrolled at FIU, studying Fine Arts. Plaintiff was a student in a photography course taught by Defendant Peggy Nolan. Plaintiff was well known to be soft spoken and somewhat shy. Despite this, Defendant Nolan took it upon herself to ask Plaintiff repeatedly to speak Chinese in front of the class. This request was not connected to any class material or learning goal. When Plaintiff refused her request, Defendant Nolan called Plaintiff racist and subjected him to verbal abuse. Defendant Nolan went on to make several other racially charged comments, including the suggestion that non-Asian people who eat at Panda Express are racist.

12. In addition to the racial harassment, Defendant Peggy Nolan also made inappropriate remarks regarding Plaintiff's romantic life. Defendant Nolan continually asked Plaintiff if he had a girlfriend, and asked Defendant Alexandra Del-Canto to kiss Plaintiff. Plaintiff never initiated these conversations, and Defendant Nolan's remarks made him feel extremely uncomfortable.

13. On June 18, 2018, Plaintiff attempted to report Defendant Nolan's behavior to Defendant William Maguire via email. Indeed, another FIU student had reported Defendant Nolan for making racial remarks within a similar time frame. The next day on June 19, 2018, Defendant Nolan sent Plaintiff an email purporting to apologize to Plaintiff for calling Plaintiff racist. Defendant Nolan was never punished or reprimanded for her racially charged remarks.

14. Plaintiff had maintained a friendship with Defendant Del-Canto throughout his time at FIU. Plaintiff had set clear relationship boundaries with Defendant Del-Canto, stating that he was not interested in a romantic relationship and wanted to remain friends. However, Defendant Del-Canto transgressed these boundaries in a profoundly abusive manner. Defendant Del-Canto constantly accused plaintiff of being controlling and complained about Plaintiff's reserved nature.

15. On June 16th, 2019, after seeing a movie together, Defendant Del-Canto refused to drive Plaintiff back to his car. Instead, Defendant Del-Canto locked

the doors of her car and forced Plaintiff to remain in the car while Defendant Del-Canto drove continually around Hollywood Florida, an area Plaintiff was unfamiliar with.  Defendant Del-Canto proceeded to interrogate Plaintiff about whether he had romantic feelings for her.  Plaintiff re-iterated that he was not romantically interested in Defendant Del-Canto, which further angered Defendant Del-Canto, causing her tone and demeanor to become even more hostile and threatening.  Defendant Del-Canto's behavior terrified Plaintiff causing his body to shake uncontrollably.  This ordeal went on for over 30 minutes.

16. On July 21st, 2019, Plaintiff met with Defendant William Maguire in order to address Defendant Del-Canto's abusive behavior.  When Plaintiff informed Defendant Maguire about the June 19th, 2019 incident, Defendant Maguire began laughing, and did not take the incident seriously.  Defendant Maguire told Plaintiff that his concerns regarding Defendant Del-Canto were merely speculative, and that Defendant Del-Canto's actions were not abuse but were expressions of affection towards Plaintiff.  Defendant Maguire did not undertake any official action in connection to Defendant Del-Canto's abusive behavior towards plaintiff.

17. Plaintiff graduated from FIU during the summer semester of 2019. Plaintiff had plans to attend FIU again to pursue a master's degree but was reluctant to do because of his fear of Defendant Del-Canto. On September 28th, 2019, Plaintiff contacted Defendant Peggy Nolan to inquire whether Defendant Del-Canto would

be using the FIU photo labs at any point. Plaintiff was not motived by any desire to contact Defendant Del-Canto. Indeed, the opposite was true, Plaintiff wished to avoid an encounter with Defendant Del-Canto if possible.

18. However, on October 1st, 2019, Defendant Nolan reported Plaintiff to FIU police, falsely accusing Plaintiff of trying to stalk Defendant Del-Canto. When FIU police finally contacted Plaintiff on October 17th, 2019, Plaintiff reiterated that he had no desire to contact Defendant Del-Canto and in fact was consciously trying to avoid her. However, despite Plaintiff's insistence that he was trying to avoid Defendant Del-Canto, and having no evidence to the contrary, FIU Police took the drastic step of permanently banning Plaintiff from the FIU campus.

19. These events had a profound and negative effect on Plaintiff's mental health. On October 22nd, 2019, Plaintiff was committed to a hospital after telling his sister that he felt worthless and wanted to die. Plaintiff was diagnosed with a Depressive Disorder shortly thereafter.

### FIRST CAUSE OF ACTION
### National Origin Discrimination under Title VI of the Civil Rights Act of 1964
### (Against Defendant Board of Trustees, Defendant Nolan, and Defendant Maguire)

20. Plaintiff incorporates by reference all preceding paragraphs in this complaint.

21. Title VI of the Civil Rights Act of 1964 (20 U.S.C. §§ 2000d) states in pertinent part:

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

22. At all times herein mentioned, FIU was a public university that received federal financial assistance through grants and federally assisted tuition payments collected from students. Thus, FIU is a recipient of Federal financial assistant for purposes of Title VI of the Civil Rights Act of 1964, 20 U.S.C. §§ 2000d.

23. Accordingly, FIU staff behavior during any activities organized through FIU, including classes or other work activity falls under the ambit of Title IV of the Civil Rights Act of 1964. Therefore, any and all behavior of FIU staff that causes discrimination on the basis of national origin during an FIU related activity is prohibited under Title IV of the Civil Rights Act of 1964.

24. Defendant Peggy Nolan violated Plaintiff's rights under Title IV of the Civil Rights Act of 1964 when, having awareness of Plaintiff's national origin, she undertook the following actions against Plaintiff while he was a student in her class during the summer semester of 2018:

  i. Repeatedly demanding that Plaintiff "speak Chinese" in front of the class. Plaintiff was singled out for this request due to his national origin.

  ii. Calling Plaintiff "racist" when he refused to comply with her request to speak Chinese. This pejorative language was used against Plaintiff on the basis of his national origin.

  iii. Making Asian-oriented racial remarks, including a statement to the effect of "non-Asian people who eat at Panda Express are racist". This statement implies that only people of Asian descent can properly eat at Panda Express and singles out Plaintiff on the basis of his national origin.

25. Defendant Maguire further violated Plaintiff's rights under Title IV of the Civil Rights Act of 1964, when he failed to initiate any disciplinary proceedings against Defendant Nolan after Plaintiff made him aware of Defendant Nolan's racially charged remarks.

26. Defendant Board of Trustees violated Plaintiff's rights under Title IV of the Civil Rights Act of 1964 by enabling a work environment whereby Defendant Nolan felt empowered to make racially charged remarks.

27. As a direct and proximate result of Defendants' unlawful discrimination Plaintiff has sustained and continues to sustain emotional injuries and damages.

## SECOND CAUSE OF ACTION
### Violation of Title IX of The Education Act Amendments Of 1972
### (Against All Defendants)

28. Plaintiff incorporates by reference all preceding paragraphs in this complaint.

29. Title IX of the Education Act Amendments of 1972 (20 U.S.C. §§ 1681) prohibits discrimination based on sex in educational institutions receiving federal funding.

30. At all times herein mentioned, FIU was a public university that received federal financial assistance through grants and federally assisted tuition payments collected from students. Thus, FIU is a recipient of Federal financial assistant for purposes of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

31. Schools receiving federal funding are required to employ at least one Title IX coordinator, a staff member responsible for Title IX compliance. 34 CFR 106.44 provides that that such institutions must respond affirmatively to when they receive "actual knowledge" that a student may have been discriminated against on the basis of sex. This creates a duty for institutions to cause their Title IX coordinator

to promptly investigate allegations of sex-based discrimination and provide accommodations to students that have suffered sex-based discrimination.

32. The US Department of Education, Office for Civil Rights has stated that the August 2020 alterations to Title IX protections cannot be applied retroactively.[1] Among other changes, the August 2020 alterations curtailed Title IX jurisdiction over off-campus sex-based discrimination. Because the totality of relevant events transpired well before August 2020, these alterations do not apply to the instant case.

33. Accordingly, FIU staff and student behavior falls under the ambit of Title IX protections. Therefore, any and all behavior of FIU staff and student that causes discrimination on the basis of Sex against an FIU student is prohibited under Title IX of the Education Acts Amendments of 1972.

34. Defendant Nolan committed sex-based discrimination against Plaintiff when she:

> i. Continually asked Plaintiff if he had a girlfriend. These questions were conditioned on Plaintiff's male sex and had the effect of making Plaintiff feel uncomfortable.
>
> ii. Tried to induce Defendant Del-Canto to kiss Plaintiff. This was an attempt to create unwanted physical contact on Plaintiff due to his sex.

---

[1] https://www2.ed.gov/about/offices/list/ocr/blog/20200805.html

35. Defendant Del-Canto committed sex-based discrimination against Plaintiff when she:

    i. Accused plaintiff of being controlling and complained about Plaintiff's reserved nature. This represents an attempt by Defendant Del-Canto to establish a controlling sex-based dynamic over Plaintiff.

    ii. Locked Plaintiff in her car for over 30 minutes and interrogated Plaintiff about whether he had romantic feelings for her. Defendant Del-Canto became progressively more aggressive and threatening as Plaintiff continued to reiterate that he was not romantically interested in her. This was an attempt by Defendant Del-Canto to coerce Plaintiff into accepting a romantic relationship with her against his will.

36. Defendant William Maguire failed to uphold his Title IX obligations when Plaintiff reported Defendant Del-Canto's abusive sex-based behavior to him, and he failed to initiate any Title IX report or investigation.

37. Defendant Board of Trustees violated Plaintiff's rights under Title IX by enabling a work environment whereby Defendant Maguire failed to properly discharge his Title IX obligations.

38. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained mental and emotional harm.

### THIRD CAUSE OF ACTION
### Breach of contract

**(Against Defendant FIU Board of Trustees)**

39. Plaintiff incorporates by reference all preceding paragraphs in this complaint.

40. Plaintiff and Defendant FIU Board of Trustees entered into a contract by which Defendant offered admission to FIU to Plaintiff and for which Plaintiff accepted FIU offer and attended FIU.

41. There was a mutual exchange of consideration by which Plaintiff attended the FIU involving payments and expenditure of time and FIU made its services available to Plaintiff including educational opportunities.

42. As part of the contract was the existence of policies set forth by FIU. As a condition of attending FIU, Plaintiff and FIU were both expected to be bound by those policies. Included within those policies were policies concerning discrimination based on sex and national origin. These policies were part of the bargain between Plaintiff and FIU. Without agreeing to abide by those policies, Plaintiff would not have been permitted to attend FIU.

43. Defendant FIU breached the contract as discussed more fully within this complaint by not properly providing Plaintiff with an environment free from national origin and sex discrimination.

44. As a direct and proximate result of Defendants' breach, Plaintiff has sustained mental harm and will continue to sustain injuries and damage.

### FOURTH CAUSE OF ACTION
### False Imprisonment
### (Against Defendant Del-Canto)

45. Plaintiff incorporates by reference all preceding paragraphs in this complaint.

46. On June 16th, 2019, after watching a movie together, Defendant Del-Canto locked Plaintiff in her car while she continued driving for over 30 minutes. Plaintiff was unable to leave Defendant Del-Canto's car because the doors were locked, and the vehicle was rapidly moving. Plaintiff had been under the impression that Defendant Del-Canto was driving Plaintiff back to his car and did not consent to an extended car ride with Defendant Del-Canto.

47. At no time was Plaintiff on notice that he would have to submit to an extended car ride with Defendant Del-Canto. Defendant Del-Canto is not a law enforcement officer, and Plaintiff was under the impression that she was simply giving him a ride back to his car.

48. As a result of being locked in a car with Defendant Del-Canto, Plaintiff experienced an intense fear reaction. Plaintiff's body began shaking uncontrollably as he felt he was trapped.

49.  Plaintiff suffered emotional, psychological, and physical distress was caused directly and proximately by the Defendant Del-Canto's conduct. Furthermore, Plaintiff was deterred from pursuing a master's degree at FIU due to his fear of encountering Defendant Del-Canto.

### FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against Defendant Peggy Nolan)

50.  Plaintiff incorporates by reference all preceding paragraphs in this complaint.

51.  On October 1st, 2019, Defendant Peggy Nolan falsely reported to FIU police that Plaintiff was engaged in stalking against Defendant Del-Canto. It was extremely unreasonable for Defendant Nolan to believe this allegation to be true because only two days before, Plaintiff had asked Defendant Nolan when Defendant Del-Canto would be using the Photo lab so that Plaintiff could use the lab and avoid encountering Defendant Del-Canto.

52.  In other words, Plaintiff had made clear to Defendant Nolan, that his intention was to avoid any contact with Defendant Del-Canto to the furthest extent possible.

53.  Because of Defendant Nolan's false allegation, Plaintiff was permanently banned from FIU's campus by FIU police. As an employee of FIU,

Defendant Nolan would have been aware that being banned from campus was a likely result of her filing a police report against Plaintiff. Defendant Nolan also would have been aware that Plaintiff's banning from FIU's Campus would have caused him substantial emotional distress. In addition to the psychological burden that comes with being treated as a wrongdoer, Defendant Nolan was aware of Plaintiff's intense professional interest in photography, and therefore how losing access to FIU's photography lab would be a large psychological blow to Plaintiff.

54. Defendant Nolan's actions were the direct and proximate cause of Plaintiff developing suicidal thoughts and getting admitted to a psychiatric hospital. Plaintiff was diagnosed with Depressive Disorder soon thereafter, a condition that Plaintiff continues to live with.

55. Additionally, Plaintiff's inability to pursue further education at FIU has damaged Plaintiff's ability to earn a living and has contributed significantly to his psychological stress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant them relief as follows:

(1) Compensatory damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress;

(2) Punitive damages against the defendant;

(3) Attorneys' fees;

(4) Costs of the suit;

(5) Injunctive relief; and

(6) Such other relief as the Court may deem proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Date: June 15, 2021

Respectfully Submitted,

/s/ *Michael Freedland*
**Michael Freedland, Esq.**
Florida Bar # 128988
Freedland Harwin Valori Ryan, PLLC
110 SE Sixth Street, suite 2300
Fort Lauderdale, Florida 33301
Telephone 954-467-6400
Michael@fhvlegal.com

/s/ *Keith Altman*
**Keith Altman, Esq.**
(*pro hac vice* to be applied for)
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
516-456-5885
kaltman@lawampmmt.com